1 | Stephen R. Cornwell, CA Bar #40737
2 | Judith M. Rodriguez, CA Bar #64784
CORNWELL & SAMPLE, LLP
Attorneys at Law
3 | 7045 N. Fruit Avenue
Fresno, CA  93711-0761
4 | Telephone: (559) 431-3142
Facsimile:  (559) 436-1135
5 |
Attorneys for Plaintiffs GLENDA M. LEWIS and
6 | GLENN E. LEWIS

(SPACE BELOW FOR FILING STAMP ONLY)

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10 | GLENDA M. LEWIS and
GLENN E. LEWIS,                              CASE NO.

11

12 |     Plaintiffs,

13 | v.

14 | MAMMOTH MOUNTAIN SKI AREA,         **COMPLAINT FOR DAMAGES**

15 |     Defendant.                                      **DEMAND FOR JURY TRIAL**

16

17 |         COMES NOW Plaintiffs in this action, GLENDA M. LEWIS and GLENN E.

18 | LEWIS, demanding a jury trial for the cause herein, and alleging the following facts in support

19 | of their claim against Defendant MAMMOTH MOUNTAIN SKI AREA:

20

21 | **PARTIES**

22 |         1.       Plaintiffs GLENDA M. LEWIS and GLENN E. LEWIS are individuals

23 | who are, and at all relevant times were, residents of San Antonio, Texas.

24 |         2.       Defendant MAMMOTH MOUNTAIN SKI AREA is a California

25 | corporation with a principal place of business in Mammoth Lakes, California.

26 | / / /

27 | / / /

28 | / / /

## JURISDICTION OF THE COURT
## AND VENUE OF THIS ACTION

3.     Plaintiffs bring this action for damages in this Court based on 28 U.S.C. § 1332 as the parties to the proceedings are citizens of different states and the dispute exceeds a value of $75,000, exclusive of costs and interest.  Venue is appropriate in the Eastern District of California pursuant to 28 U.S.C. § 1391(a)(1) and (2), because the Defendant resides here and all the events that are the subject of this Complaint occurred here.

## REQUEST FOR JURY TRIAL

4.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on any and all issues triable by a jury.

## GENERAL FACTUAL BASIS FOR COMPLAINT

5.     Defendant operates various wintertime recreation businesses at Mammoth Mountain in the County of Mono, State of California.  This includes the operation of Mammoth Snowmobile Adventures which provides guided snowmobile riding for a fee to patrons.  The guiding is done by an employee of Mammoth Snowmobile Adventures utilizing snowmobiles owned and maintained by the defendant.  The traveling on the snowmobiles is done on the property operated by the defendant known generally as Mammoth Mountain.

6.     On or about April 5, 2005, Plaintiffs signed up for a guided snowmobile ride. Defendant provided a snowmobile for the participants, initial instruction on the operation of snowmobiles and a guide to lead the snowmobilers.

7.     Plaintiffs were novices at riding snowmobiles.   The Defendant's employees inquired of the assembled would-be riders as to how many were novice riders. The Plaintiffs advised the Defendant they had no previous experience with snowmobiles. Approximately forty percent of the persons who were signed up for the two hour ride advised the guide that they were novices.  The Defendant advised all of the assembled riders of the procedures for the ride. This included that ride would be lead and directed by the one guide to

CORNWELL & SAMPLE
7045 N. Fruit Avenue
Fresno, CA 93711

1  accompany the riders.  The Defendants implied to the riders and it was understood by the

2  Plaintiffs , that the purpose of the guiding was to make certain that the snowmobilers would

3  travel on safe trails and in safe places in a safe manner so as to not endanger themselves or

4  each other and to proceed in a safe manner to avoid the risk of injury.

5          8.      The Defendants provided some basic instruction on how to operate a

6  snowmobile, how to operate the controls of the machine, how to make safe stops and how to

7  turn, how to keep a safe distance and other information on how to ride.  No instruction was

8  given as to how to operate a snowmobile that was airborne or how to land to avoid a risk of

9  injury in impact.  The Defendant represented, in effect, that the ride was appropriate for

10  beginners and that the guide would gear the ride to be safe for novice riders. At no time during

11  the presentation of the guided tour did the Defendant provide any information that suggested

12  that the Plaintiffs would be subjected to riding over terrain with sudden drops in elevation that

13  would cause them to be airborne and would expose the Plaintiffs to injury from impacts from

14  landing after being airborne.

15          9.      Plaintiffs commenced the snowmobile riding with other persons in a

16  group with the snowmobiles each having an operator and some having a rider.  Most of the

17  snowmobiles were operated by one person.  Other snowmobiles had two riders including the

18  Plaintiff and her husband.  The Plaintiff was a passenger on the back of the snowmobile and her

19  husband was the driver.  The snowmobiles proceeding in single file following the guide at the

20  speed of the guide.

21          10.     The tour was lead by one guide.  The procedure followed for the guided

22  snowmobiling was to follow the guide in single file maintaining safe and reasonable speeds.

23  The guide led the Plaintiffs and the others on the ride in and about many areas with spectacular

24  views and remote scenes utilizing trails and roadways.

25          11.     During that time the guide lead the group of snowmobiles on trails with

26  minimal changes in terrain.  This route of travel was in keeping with the representations that

27  the Plaintiffs were novices at snowmobile riding and that the Defendant's employees were

28  experts in the use, operation and knowledge of risks of snowmobile riding over various terrain.

12.     At a point in time the guide stopped the ride at a place remote from the base from which the ride had started.  The guide inquired as to whether the group would like to ride off of the trails and roads upon which the group had been traveling and travel in the open forest off of the trails.  Several snowmobile riders responded that they would like to travel off of the trails and roads.  The Plaintiffs did not respond.  Only one guide was present.  The Plaintiffs had to be accompanied by a guide.  Plaintiffs had no idea how to return to the base alone and they believed that they could not continue without the guide.  No information was provided that the proposed travel route would involve any particular risks of injury nor did the guide inform the riders that the ride would involve jumps or drops which would cause the machines to be airborne.  Plaintiffs assumed that the guide was knowledgeable regarding the terrain of the suggested route and knew it was safe and knew that it would be safe for riding by novice snowmobilers and that it would not expose them to any hazards beyond the use of snowmobiles on roads and trails.  Riding on roads and trails had not involved sudden drops or jumps that would have caused the snowmobiles to become airborne and land hard.  The riding on roads and trails involved virtually no hazards at all since the travel was single-file at reasonable speeds over terrain that did not involve drops or jumps.

13.     The instructor led them on the new route.  Plaintiffs had never before been to this part of the mountain.  The group followed the same procedure of following the guide one-by-one at the speeds established by him.  No warnings or information were given about any particular place on the route which would present any hazards in the ride.

14.     In the course of riding in the area where the instructor had led them, Plaintiffs were caused to drive over a drop in the terrain which caused their snowmobile to become airborne.  The drop in terrain was not visible as the Plaintiffs approached it.  The Plaintiffs were unaware of the peril of being airborne.  They were caused to land hard.  Such drops in terrain causing snowmobiles to be airborne and the risks of being airborne had not been described by the Defendant and no information had been provided that suggested that the Plaintiffs would be subjected to this type of condition.

///

15.     Plaintiffs at all times exercised due care for their own safety.  They did not know that they were riding in the direction of a dangerous drop in the terrain which would cause them to be airborne and land hard.  The condition was obvious in the snow, it was not otherwise marked, they were not familiar with the terrain, and the instructor had given them no warning of the condition.

16.     Plaintiff GLENDA M. LEWIS suffered severe injuries when the snowmobile she was riding became airborne, dropped suddenly and landed hard.  Her injuries included a compressed fracture in her back which required hospitalization and surgery, the eventual placement of titanium rods in her back all of which has caused her to suffer pain, disability and economic damage as further alleged herein.

## **FIRST CLAIM FOR RELIEF: NEGLIGENCE**

17.     Plaintiffs reallege the allegations set forth in Paragraphs 1 through 16, inclusive, and incorporate them by reference.

18.     At all times herein mentioned, Defendant owned, controlled, maintained, managed, and operated recreational facilities and activities at Mammoth Mountain.   In connection with its operations, Defendant invited members of the general public to participate in various recreational activities for a fee paid to Defendant, including snowmobiling.

19.     On or about April 5, 2005, Plaintiffs, as members of the general public, paid a fee to Defendant to be guided on a tour utilizing Defendant's snowmobiles on Defendants ski area.   In the course of the guided tour, the guide, who was an agent and employee of Defendant, took the participants off the established trail to a remote location that was unknown to Plaintiffs.  The guide knew or should have known the condition of the terrain in this remote location which involved risks of snowmobiles being airborne and dangerous hard landings.  This operation and the property was owned, and/or controlled, and/or maintained, and/or managed, and/or operated by the Defendant.  The guide knew or should have known the degree of skill needed to safely snowmobile through the hazards presented by this terrain.

/ / /

20.     Defendant, through the instructor, undertook to guide the Plaintiffs on snowmobiling.  In that relationship, Plaintiffs entrusted themselves to the advice, care and tutelage of the guide selected for them by Defendant. The Defendant including the guide owed Plaintiffs a duty not to increase the risk of harm inherent in the operation of snowmobiling and particularly in using speed on irregular terrain.  He also owed Plaintiffs a duty to ensure the conditions of the ride  were not beyond the Plaintiffs' capabilities as novices to snowmobiling activities and that he was not subjecting the Plaintiffs to a risk of injury not otherwise anticipated in the ride and over which the Plaintiffs had no control.

21.     The guide breached the duty of care he owed Plaintiffs by taking them to a remote location which contained perilous terrain and by guiding them at speeds that involved significant risks of injury in these conditions without warning them of the dangers of the terrain in which he was leading the ride.  The guide further breached the duty of care he owed Plaintiffs by suggesting to the assembled group that their riding in the area he was guiding them did not involve any more risks of injury than the path on which he had previously guided them.  In fact this was not true.  The challenges of riding in the terrain he had selected for them under these circumstances involved significantly increased risks of encountering dangers and conditions that would lead to injury.  The guide knew or should have known that some of the group were unable to safely negotiate the pathway without exposing themselves to significant increased risks beyond their level of experience and capabilities.

22.     As a proximate result of Defendant's conduct as above described, Plaintiffs were confronted with higher risks than those inherent in the snowmobiling they had been informed to which they would be subjected.  Plaintiff GLENDA M. LEWIS suffered serious injuries when the snowmobile she was riding went over a significant drop in the terrain that was hidden and unmarked. Her damages for pain and suffering are in an amount according to proof at trial but well in excess of the jurisdictional minimum limits of this Court.

23.     As a further proximate result of the acts and omissions of Defendant and the injuries sustained by Plaintiff GLENDA M. LEWIS as herein alleged, Plaintiffs were required to and did employ physicians, surgeons, and other medical personnel and incurred

expenses therefor, and incurred additional medical expenses for hospital bills and other incidental medical expenses, all to their damage in an amount according to proof at trial. Plaintiffs are informed and believe, and thereon allege, that as a proximate result of the injuries suffered by Plaintiff GLENDA M. LEWIS, Plaintiffs will incur additional future medical expenses all to their further damage.

24.     As a further proximate result of the acts and omissions of Defendant and the injuries Plaintiff GLENDA M..LEWIS sustained, she has been prevented from engaging full time or at all in her usual occupation, and she is presently permanently disabled from her employment.  GLENDA thereby has lost past and future earnings, all to her damage in an amount subject to proof at trial.

## SECOND CLAIM FOR RELIEF: COMMON CARRIER NEGLIGENCE

25.     Plaintiffs reallege the allegations set forth in Paragraphs 1 through 24, inclusive, and incorporate them by reference.

26.     Defendant invited members of the general public to participate in various recreational activities it offered at Mammoth Mountain for a fee paid to Defendant.  Among the recreational activities were snowmobile rides, for which Defendant provided a snowmobile guide and instruction and a snowmobile for use by the Plaintiffs.  Plaintiffs signed up for a guided snowmobile tour and paid Defendant the required fee.

27.     As a carrier of persons for reward, Defendant was a common carrier under California law and had a nondelegable duty to use the utmost care and diligence for the safety of the participants in the snowmobile ride, including in the selection of trails and routes of passage on which the Plaintiffs were led in the course of their riding.  Moreover, Defendant had a continuing duty to warn participants in the snowmobile group ride, including Plaintiffs, of known dangers in places where the participants were reasonably expected to go.

28.     Defendant failed to use the care and skill called for under the circumstances. Defendant failed to direct Plaintiffs away from perilous terrain on Defendant's property about which Defendant was aware or to provide Plaintiffs with adequate warning and

1  an alternate safe route so they could protect themselves from a danger that was unknown to

2  them.

3

4  ### THIRD CLAIM FOR RELIEF: PREMISES LIABILITY

5       29.    Plaintiffs reallege the allegations set forth in Paragraphs 1 through 28,

6  inclusive, and incorporate them by reference.

7       30.    Defendant is the owner or possessor of real property on Mammoth

8  Mountain including an off-trail area where Plaintiff GLENDA M. LEWIS was injured. On or

9  about April 5, 2005, Plaintiffs were on Defendant's property for a snowmobile ride when

10  Plaintiffs were led on a new route by their guide. In this area, unknown to Plaintiffs, there was

11  a precipitous drop which would cause the Plaintiffs to become airborne and land hard.

12  Plaintiffs could not discern the drop and had no knowledge of it. Plaintiffs were led over the

13  drop by the Defendant causing serious injury to GLENDA M. LEWIS.

14       31.    Prior to the incident, Plaintiffs were expressly invited by Defendant to

15  enter the premises for their guided ride and Plaintiffs paid Defendant a fee for the ride. This

16  fee covered the instructor, snowmobile equipment, and guided direction on where to operate

17  the snowmobiles.

18       32.    At all relevant times, Defendant knew that the location where guide had

19  led the Plaintiffs and others included operation over drops in elevation which would cause a

20  significant potential for injury to novice riders.

21       33.    Defendant negligently maintained, controlled, managed, and operated its

22  premises so as to expose Plaintiffs to an unreasonable risk of injury there.

23       34.    As a proximate result of Defendant's conduct as above described,

24  Plaintiff GLENDA M. LEWIS suffered serious injuries when the snowmobile she was riding

25  went over a cliff that was hidden and unmarked. Her damages are otherwise alleged herein.

26  / / /

27  / / /

28  / / /

CORNWELL & SAMPLE
7045 N. Fruit Avenue
Fresno, CA 93711

## FOURTH CLAIM FOR RELIEF: LOSS OF CONSORTIUM

(Plaintiff GLENN E. LEWIS against Defendant)

35.     Plaintiffs reallege the allegations set forth in Paragraphs 1 through 34, inclusive, and incorporate them by reference.

36.     Plaintiff GLENN E. LEWIS is, and at all relevant times was, the lawful spouse of Plaintiff GLENDA M. LEWIS. As alleged herein, Defendant is liable in tort for the injuries suffered by GLENDA.

37.     Prior to her injuries, GLENDA was able to and did perform all of the duties of a spouse. Subsequent to these injuries and as a proximate result of them, GLENDA has been unable to perform some of her duties as a spouse because her physical capacity is impaired due to her back injury. She no longer can perform the work and services usually performed by her in the care, maintenance, and management of the family home and as a parent in the same manner and to the same extent as previously. Moreover, GLENDA will be unable to perform such work, services and duties in the future. By reason thereof, GLENN has been deprived of the consortium of his spouse GLENDA, including the performance by GLENDA of her duties as spouse, all to GLENN's damage.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

1.     For judgment against Defendant;

2.     For compensatory and consequential damages according to law and in a sum according to proof;

3.     For special damages for medical and incidental expenses according to proof at trial;

4.     For loss of earnings according to proof;

5.     For damages for loss of consortium;

/ / /

/ / /

CORNWELL & SAMPLE
7045 N. Fruit Avenue
Fresno, CA 93711

6.   For costs of suit incurred herein; and

7.   For such other and further relief as the Court deems just and proper.

DATED: March 29, 2007.

CORNWELL & SAMPLE, LLP

By:_____
Stephen R. Cornwell
Judith M. Rodriguez
Attorney for Plaintiffs
GLENDA M. LEWIS and GLENN E. LEWIS

F:\WP\Cases\Lewis\Pleadings\COMPLAINT.wpd