John E. Fagan (SBN 107974)
Jill Haley Penwarden (SBN 178561)
Michael L. Reitzell (SBN 215272)
**DUANE MORRIS LLP**
11149 Brockway Road, Suite 100
Truckee, CA 96161-2213
Telephone: 530.550.2050
Facsimile: 530.550.8619

Attorneys for Defendant
MAMMOTH MOUNTAIN SKI AREA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| **GLENDA M. LEWIS and GLENN E. LEWIS,**<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**MAMMOTH MOUNTAIN SKI AREA,**<br><br>　　　　Defendant. | Case No. 1:07-CV-00497-OWW-NEW (GSA)<br><br>**DEFENDANT MAMMOTH MOUNTAIN SKI AREA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION**<br><br>Date:　　January 5, 2009<br>Time:　　10:00 a.m.<br>Dept.:　　3 (7th Floor)<br>Judge:　　Hon. Oliver W. Wanger<br><br>Complaint Filed:　　March 29, 2007<br>Trial Date:　　March 23, 2009 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 5, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the United States District Court, Eastern District, Fresno Division, defendant MAMMOTH MOUNTAIN SKI AREA ("defendant" or "Mammoth") will move the court for an order granting summary judgment, or alternatively, summary adjudication of issues, in favor of Mammoth and against plaintiffs GLENDA M. LEWIS and GLENN E. LEWIS ("plaintiffs").

///

This motion is made pursuant to Federal Rule of Civil Procedure 56 on the grounds that defendant has absolute affirmative defenses to plaintiffs' complaint that can be adjudicated as a matter of law by this Court. Therefore, defendant moves for summary judgment, or alternatively, summary adjudication of issues, on the following grounds:

1. Plaintiffs' negligence, premises liability, and common carrier claims are barred by the doctrine of express assumption of risk. Plaintiffs signed a liability release that released Mammoth from any liability for its alleged negligence in the event plaintiffs sustained injury while snowmobiling.

2. Plaintiffs' negligence and premises liability claims are barred by the doctrine of primary assumption of risk. Snowmobiling is a sport that has inherent risks. The risks include, but are not limited to, those posed by variations in terrain, uneven snow surfaces, and natural terrain features. Plaintiff Glenda Lewis allegedly sustained an injury after her husband, plaintiff Glenn Lewis, rode his snowmobile over a variation in terrain (called a wind ridge) and became airborne. Mrs. Lewis allegedly sustained injury upon landing. Her injury was due to encountering risks inherent in snowmobiling. Under the doctrine of primary assumption of risk, a recreation provider such as Mammoth owes no duty to protect plaintiffs from risks inherent in the sport.

3. Plaintiffs' common carrier cause of action must be dismissed because Mammoth, as a matter of law, is not a common carrier. Plaintiffs admit that they had sole control over their snowmobile – its speed, direction, and manner of travel. Furthermore, even if the court were to determine that Mammoth is a common carrier, the liability release would bar a common carrier claim based in negligence.

4. Plaintiffs' gross negligence claim must be dismissed because plaintiffs can present no evidence that Mammoth's conduct constituted a "want of scant care" or a "conscious indifference to the consequences" of its actions. Plaintiffs' gross negligence cause of action is merely an effort to avoid the implications of the liability release they voluntarily signed. Because there is no evidence of gross negligence, any cause of action based upon gross negligence allegations should be dismissed.

///

5. Plaintiff Glenn Lewis' claim for loss of consortium must be dismissed if the other causes of action do not survive because his claim hinges upon the success of Glenda Lewis' claims.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Separate Statement of Undisputed Material Facts, the Declarations of Michael L. Reitzell, Robert Colbert, and Christopher Hosking, the complete records and files of this action, and upon such other and physical, documentary and other evidence and argument as may be presented at the hearing hereof or which the court otherwise may deem appropriate.

Dated: December 1, 2008                           DUANE MORRIS LLP

By: /s/ Michael L. Reitzell
John E. Fagan
Jill Haley Penwarden
Michael L. Reitzell

Attorneys for
MAMMOTH MOUNTAIN SKI AREA